UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

   Plaintiff,

v.

HANNA SAAD, *et al.*,

   Defendants.
_____/

Case No. 4:19-cv-10584
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 9)

**A. Background**

Jamel Leon Robinson is currently incarcerated at the Michigan Department of Corrections (MDOC) Charles Egeler Reception and Guidance Center (RGC). *See* www.michigan.gov/corrections, "Offender Search," last visited Mar. 5, 2020. On February 26, 2019, while incarcerated at Saginaw Correction Facility (SRF) (ECF No. 1, PageID.2), Plaintiff filed the instant lawsuit against a great number of Defendants (ECF No. 1). Plaintiff is proceeding *in forma pauperis*. (ECF Nos. 2, 4.)

The case was stayed, referred to the *pro se* prisoner early mediation program and set for an early mediation conference. (ECF Nos. 14, 18, 20-22.) However, on December 10, 2019, Judge Morris entered an order lifting the stay. (ECF No. 23.)

1

Judge Davis referred this case to me for all pretrial matters on March 3, 2020. (ECF No. 36.)

### B. Instant Motion

Currently before the Court is Plaintiff's motion for appointment of counsel (ECF No. 9), filed on April 8, 2019, before the case was stayed and referred to the *pro se* early mediation program. As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750. F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel . . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

---

[1] As noted above, although some of the case law colloquially discuss the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915, the Court may only request that an attorney represent an indigent plaintiff.

### C. Analysis

Applying the foregoing authority, Plaintiff has not described any exceptional circumstances to justify a request for appointment of counsel at this time. First, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the dispositive motion deadline has passed and/or any of a plaintiff's claims survive dispositive motion practice. Here, certain Defendants have not yet appeared, and no scheduling order has been entered. Further, although a motion for summary judgment was filed by five Defendants on February 4, 2020 (ECF No. 32), the Court has not yet ruled on that motion. Thus, seeking *pro bono* counsel at this stage of litigation would be premature.

Second, although Plaintiff asserts that he is indigent and unable to afford counsel, and that he lacks adequate legal knowledge and experience (ECF No. 9, PageID.78-81), he has already illustrated his ability to articulate and adequately communicate his requests to the Court. His motion for appointment of counsel is organized and clearly states his position. Thus, he seems quite capable of presenting his case and representing himself. Moreover, Plaintiff sought and was granted leave to proceed *in forma pauperis*. (ECF Nos. 2, 4.)

Finally, Plaintiff's case, in which he alleges sexual harassment/assault, excessive force, religious oppression, false imprisonment and involuntary medical treatment in violation of the Fourth, Eighth and Fourteenth Amendments (ECF No. 1, PageID.7, 13-18), does not present unusually complex issues.  The reasons given by Plaintiff for his need to have counsel would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances.  Most non-lawyers have only limited knowledge of the law, many cases require considerable discovery, and nearly all cases involve conflicting testimony between the respective litigants.

**D.    Order**

Upon consideration, Plaintiff's April 8, 2019 motion for appointment of counsel (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

When appropriate, the Court will set discovery and dispositive motion deadlines by entry of a scheduling order, under separate cover.

**IT IS SO ORDERED.**

Dated:  March 5, 2020                          _____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE