UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

        Plaintiff,

v.

HANNA SAAD, *et al.*,

        Defendants.

Case No. 4:19-cv-10584
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY (ECF No. 44)

### A.    Background

Jamel Leon Robinson is currently incarcerated at the Michigan Department of Corrections (MDOC) Michigan Reformatory (RMI). *See* www.michigan.gov/corrections, "Offender Search," last visited March 17, 2020. On February 26, 2019, while incarcerated at Saginaw Correctional Facility (SRF) (ECF No. 1, PageID.2), Plaintiff filed the instant lawsuit against a great number of Defendants (ECF No. 1). Plaintiff is proceeding *in forma pauperis*. (ECF Nos. 2, 4.)

The case was stayed, referred to the *pro se* prisoner early mediation program and set for an early mediation conference. (ECF Nos. 14, 18, 20-22.) However, on December 10, 2019, Judge Morris entered an order lifting the stay (ECF No. 23),

1

and on March 3, 2020, Judge Davis referred this case to me for all pretrial matters (ECF No. 36). At this time, appearances have not yet been filed for three Defendants – Jill Lawrence, Richard Baish and Jennifer LNU, and there are two outstanding motions for summary judgment (ECF Nos. 32, 41),[1] to which Plaintiff must respond by April 1, 2020, and April 9, 2020, respectively (ECF Nos. 37, 42). No general scheduling order has been entered in this case.

### B. Instant Motion

Currently before the Court is Plaintiff's "motion for discovery," filed on March 11, 2020. (ECF No. 44.) In the motion, he asks that Defendants produce several items, including witness lists, reports produced by expert witnesses, dispensary files, medical records, any tangible or exculpatory evidence, and police reports and warrants. He also attached a "proposed order," which appears to simply be a list of items. (ECF No. 44.) But Plaintiff does not indicate that he previously served these discovery requests upon Defendants and received an inadequate response. Instead, as best as the Court can discern, Plaintiff simply filed his discovery request with the Court, rather than serving the request upon

---

[1] The second is both a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(a), and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 41, PageID.325-326.)

2

Defendants, as required by Fed. R. Civ. P. 34.² Moreover, Plaintiff does not indicate, by affidavit or declaration, that such discovery is necessary to justify his opposition to the pending motions for summary judgment pursuant to Fed. R. Civ. P. 56(d).

**C. Order**

Accordingly, Plaintiff's motion for discovery (ECF No. 44) is **DENIED**. In order to obtain such documents and materials, Plaintiff must follow the discovery process outlined in the Federal Rules of Civil Procedure. Further, as the filing of such discovery materials with the Court is improper pursuant to Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 ("[a] party or other person may not file discovery material" except in limited circumstances), any further attempts to file similar discovery requests will be **STRICKEN** from the Court's docket.

**IT IS SO ORDERED.**

Dated: March 17, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

² Thus, the Court cannot construe Plaintiff's motion as one to compel discovery pursuant to Fed. R. Civ. P. 37. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).