UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

        Plaintiff,                      Case No. 4:19-cv-10584
                                              District Judge Stephanie Dawkins Davis
v.                                                 Magistrate Judge Anthony P. Patti

HANNA SAAD, *et al.*,

        Defendants.

_____/

### ORDER REQUIRING LEAVE OF THE COURT TO FILE ADDITIONAL MOTIONS AND STRIKING NONCONFORMING DOCUMENTS

Having reviewed the extensive and growing docket in this matter and taking into consideration the need to safeguard judicial economy, the Court finds it necessary to enter an order regarding motions.

**The parties shall not file any additional motions without leave of the Court to do so. If a party believes it is necessary to file an additional motion, that party must file a letter addressed to the Court, of no more than one page, outlining the dispute and the attempts to resolve it. The opposing party may file a response to the letter, of no more than one page. There will be a three-day deadline for the responding letter. The Court will then determine whether to permit a motion to be filed, and if so, set page limitations on briefing.**

The Court also directs the parties' attention to the Federal Rules of Civil Procedure and expects the parties to adhere to them throughout this litigation. Specifically, Plaintiff is advised that this Court grants relief to litigants through properly filed motions that: (1) must "be in writing unless made during a hearing or at trial"; (2) "state with particularity the grounds for seeking the order"; and (3) "state the relief sought." *See* Fed. R. Civ. P. 7(b)(1). Furthermore, all motions filed in this Court must be accompanied by a supporting brief, which must "contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." E.D. Mich. LR 7.1(d)(2). In addition, as explained in my Practice Guidelines for *pro se* prisoner and habeas corpus cases:

> Pro se litigants are expected to adhere to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan and Judge Patti's Practice Guidelines. The Court does not give legal advice to either side and *expects that pleadings and motions will be in appropriate form. Letters to the Court are neither pleadings nor motions and will be stricken. Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2.* Additional requirements may apply to particular types of motions, and the Rules of Civil Procedure, corresponding Local Rules and Judge Patti's other practice guidelines should be consulted and followed accordingly, for example: Rule 15 for motions to amend or supplement pleadings, Rule 37 for motions to compel discovery, Rule 56 for summary judgment motions, etc. All parties are expected to adhere to these rules and guidelines, all of which can be accessed on the Court's website under the "Judges" or "Attorneys" tabs.

(Emphasis added).

Although *pro se* litigant pleadings are held to a more forgiving standard than those of an attorney, a *pro se* litigant is still required to follow the rules of civil procedure and easily-understood court deadlines. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2001). Many of the miscellaneous letters, requests, and other documents Plaintiff has filed with the Court are neither pleadings, which are confined to various types of complaints, answers and replies (when ordered) under Fed. R. Civ. P. 7(a), nor proper motions, as defined above under Fed. R. Civ. P. 7(b)(1). And it is clear from prior motion practice, resulting in corresponding orders from the Court, that Plaintiff does know how to appropriately frame a legitimate request for relief. (*See, e.g.*, ECF Nos. 9, 38, 44, 46, 55, 76 & 81.) "[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (finding no cause for extension of liberal pleadings rules applicable to *pro se* litigants "to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court therefore **STRIKES** all nonconforming documents filed by Plaintiff, including those documents docketed as **ECF Nos. 8, 11, 87, and 111**.

*See Williams Huron Gardens 397 Trust v. Waterford Twp.*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019) ("While a *pro se* litigant's filings are to be liberally construed, filings which do not conform to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan are subject to striking by the Court.") (internal citation omitted).  Further, Plaintiff is advised that defendants in an action governed by the Prisoner Litigation Reform Act (PLRA) are not required to file an answer to the complaint unless ordered to do so, 42 U.S.C. § 1997e(g), and that "[e]ntry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)[,]" *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quotation marks and internal citation omitted).[1]

Additionally, the Court will construe Plaintiff's petition for approval of settlement (ECF No. 93), mutual release of lawsuit (ECF No. 94), memorandum settlement analysis (ECF No. 95), and index of exhibits (ECF No. 96) as motions and **DENY** each.  These filings appear to be an ill-advised and fantastical attempt to convince the Court that the parties entered into a multi-million dollar settlement agreement, as Defendants Hanna Saad, Aleksandra Wilanowski, Laurie Fry, Mary Closser, and Criag Hutchinson responded that they had not agreed to a settlement with Plaintiff.  (ECF No. 97.)

---

[1] *See* Plaintiff's filings docketed as ECF Nos. 57, 58, 64, 66, 68, 69, 73, 90.

Plaintiff shall not file any additional letters or other nonconforming documents. Memoranda of law shall be filed only in support of a motion that complies with the applicable Federal and Local Rules of Civil Procedure, or in opposition to a motion filed by another party.

**IT IS SO ORDERED.**

Dated: September 4, 2020          s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE