UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

        Plaintiff,

v.

HANNA SAAD, *et al.*,

        Defendants.

_____/

Case No. 4:19-cv-10584
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER GRANTING DEFENDANT RICHARD BAISCH'S MOTION TO STAY DISCOVERY (ECF No. 86), GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 85), AND STRIKING PLAINTIFF'S NOTICES TO ARRANGE FOR A COURT REPORTER (ECF Nos. 143 & 144)</u>**

**I.**     **Background**

Plaintiff Jamel Leon Robinson, a state inmate proceeding without the assistance of counsel, filed this action on February 26, 2019 (ECF No. 1), along with an application to proceed *in forma pauperis* (ECF No. 2). Upon its initial screening of Plaintiff's lawsuit, the Court dismissed all but two of Plaintiff's claims and eleven Defendants. (ECF No. 13, PageID.107-108.)[1] The two

---

[1] As of the writing of this opinion and order, no waivers of service have been returned nor appearances filed for two of the named Defendants—Jill Lawrence and Jennifer LNU.

remaining claims involve allegations of involuntary medical treatment and racial discrimination. (ECF No. 1, PageID.21-22, 26.)

On June 26, 2020, I issued a report and recommendation that the Court grant the motion for summary filed by Defendants Hanna Saad, M.D., Aleksandra Wilanowski, M.D., Laurie Fry, N.P., Mary Closser, D.O., and Craig Hutchinson, M.D. (collectively the "medical Defendants"), and the motion for partial summary judgment filed by Defendants Derek Rosen, Michael Bennett, and Shelley Rambus (collectively the "MDOC Defendants"), and ordered that discovery be stayed as to each of the medical and MDOC Defendants with the exception of Rambus, pending the Court's ultimate decision regarding the report and recommendation. (ECF No. 81, PageID.974-977.) The Court accepted and adopted the report and recommendation on July 24, 2020 (ECF No. 106), granting summary judgment of the remaining claims against the medical Defendants and the MDOC Defendants, excluding the claim against Rambus in her individual capacity. However, Plaintiff's objections have since been docketed and are currently pending before the Court (*see* ECF Nos. 128, 131, 132), and he has filed notices of appeal (ECF Nos. 136, 140).

Also pending before the Court is Defendant Richard Baisch's July 2, 2020 amended motion to dismiss and/or for summary judgment based in part on exhaustion. (ECF No. 83.)

## II. Instant Motions

### A. Plaintiff's Motion to Compel (ECF No. 85)

On June 22, 2020, but not docketed until July 2, 2020 due to mailing issues associated with the COVID-19 pandemic, Plaintiff filed a motion to compel discovery pursuant to Fed. R. Civ. P. 34(b) and 37(a) against "the defendants." (ECF No. 85, PageID.1192.) He asserts that he served discovery on Defendants, which he attaches to the motion, and argues: (1) Defendants waived objections to the discovery requests; and (2) the discovery he seeks is relevant to the claims and defenses in the case. (ECF No. 85, PageID.1196-1207.)

Neither the medical Defendants nor the MDOC Defendants have responded to Plaintiff's motion, although at the time it was docketed, the stay of discovery discussed above had already been entered with regard to all but Defendant Rambus. (ECF No. 81, PageID.974-977.)[2] Defendant Baisch filed his response opposing Plaintiff's motion to compel on July 9, 2020, stating:

> Defendant Baisch admits that he has not responded to Plaintiff's discovery requests which indirectly make reference to him as they have not been appropriately served upon defense counsel. Further answering, Defendant Baisch states that he currently has a pending

---

[2] Notably, attached to Plaintiff's motion (ECF No. 85) is a June 2020 letter from the MDOC Defendants' counsel objecting to Plaintiff's discovery requests at that point in time and stating, in part, that his requests for admission as to Defendants Rosen and Bennett exceeded the threshold issue of exhaustion, and that the MDOC Defendants had filed a motion to stay discovery. (ECF No. 85, PageID.1210-1211.) Also attached are the medical Defendants' discovery responses. (ECF No. 85, PageID.1276-1321.)

3

> Amended Motion to Dismiss and/or for Summary Judgment, including a Motion to Stay Discovery, pending the Court's ruling on Defendant Baisch's dispositive motion. Defendant incorporates arguments previously set forth in his Motion to Stay Discovery as to why Plaintiff's Motion to Compel Discovery should be denied. Lastly, Defendant indicates that Plaintiff's discovery requests directed to Richard Baisch exceed the exhaustion issue, or are otherwise irrelevant to arguments raised by Defendant Baisch in his Motion to Dismiss and/or for Summary Judgment.

(ECF No. 98, PageID.1422.)

### B.     Defendant Baisch's Motion to Stay (ECF No. 86)

Defendant Baisch filed the above-referenced motion to stay (ECF No. 86) on July 2, 2020, in accordance with my June 26, 2020 combined order and report and recommendation granting him permission to do so (ECF No. 81, PageID.975). Citing Fed. R. Civ. P. 26(b) and (c), Defendant Baisch requests that the Court stay discovery pending resolution of his amended motion to dismiss and/or for summary judgment, asserting, in part, that Plaintiff's discovery requests are not "directly relevant to issues raised in [his] Motion to Dismiss and/or for Summary Judgment based upon legal arguments of improper service of process, the lack of a requisite 'physical injury,' and Plaintiff's failure to exhaust his administrative remedies . . . ."  (ECF No. 86, PageID.1325, ¶ 11.)

To date, Plaintiff has filed no direct response to Defendant Baisch's July 2, 2020 motion to stay discovery, although he did file three documents labeled responses to the MDOC Defendants' prior motion to stay discovery (ECF No. 63),

4

with which Defendant Baisch filed a concurrence (ECF No. 79).  (*See* ECF Nos. 113, 116, 117).  Regardless, Defendant Baisch filed a one-page[3] "supplemental brief" in support of the motion, stating that he received from Plaintiff a deposition notice and other discovery, and renewing his request that the Court stay discovery as it relates to him pending resolution of his dispositive motion.  (ECF No. 145.)

### III.    Standards

A motion to stay discovery may be viewed as a request for "an order to protect a party or person from . . . undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  *See, e.g.*, *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. July 22, 2019) ("Defendants reasonably sought to stay discovery under Federal Rule of Civil Procedure 26(c) because it would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved.").

Under Fed. R. Civ. P. 37, a party may move for an order compelling discovery.  Fed. R. Civ. P. 37(a)(1).  Specifically, if a party fails to answer an interrogatory or produce requested documents, the "party seeking discovery may move for an order compelling an answer . . . production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).

---

[3] It appears that Defendant Baisch intended to file this "supplemental brief" in accordance with the Court's September 4, 2020 order requiring leave of the Court to file additional motions.  (ECF No. 137.)

5

## IV. Order

On the basis of the above, Plaintiff's motion to compel discovery (ECF No. 85) is **GRANTED** with respect to Defendant Rambus, but **DENIED WITHOUT PREJUDICE** with respect to the medical Defendants, Defendants Rosen and Bennett, and Defendant Baisch, as follows:

- To the extent Plaintiff seeks to compel discovery from the medical Defendants and from Defendants Rosen and Bennett, discovery has been stayed as to those Defendants pending the Court's ultimate decision on their summary judgment motions. (ECF No. 81, PageID.952, 974-977.)[4]

- However, because Defendant Rambus was specifically excluded from the order granting the MDOC Defendants' motion to stay discovery (*see* ECF No. 81, PageID.952, 974-977), and Defendant Rambus failed to respond to Plaintiff's motion to compel, to the extent Plaintiff seeks to compel discovery from her, his motion is **GRANTED** as unopposed. *See* E.D. Mich. Local Rule 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.") (emphasis added). *See also Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (opposition to a motion is deemed waived if the responding party fails to respond or otherwise oppose the motion). Accordingly, the Court **ORDERS** Defendant Rambus to respond to the discovery requests directed to her that Plaintiff has attached to his motion and has represented to have served upon the MDOC Defendants' counsel, by **Tuesday, October 20, 2020**.

- Finally, to the extent Plaintiff seeks to compel discovery from Defendant Baisch, his motion (ECF No. 85) is **DENIED WITHOUT PREJUDICE**. The Court fails to see what discovery requests, if any, would benefit Plaintiff in opposing the threshold exhaustion or other issues raised in Defendant

---

[4] Again, the Court accepted and adopted my combined order and report and recommendation (ECF No. 81) on July 24, 2020, granting each summary judgment motion (ECF No. 106), but Plaintiff's objections have since been docketed and are currently pending before the Court (*see* ECF Nos. 128, 131, 132), and he has filed notices of appeal (ECF Nos. 136, 140).

6

Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83), and Plaintiff fails to tell us.  Plaintiff does mention requests for grievances he filed in his motion to compel (ECF No. 85, PageID.1204), but his certified grievance reports were attached to the medical Defendants' and MDOC Defendants' summary judgment motions (ECF Nos. 32-1, 41-3), and are attached to Defendant Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83-2).  Accordingly, Defendant Baisch's motion to stay discovery (ECF No. 86) is **GRANTED** pending final resolution of his amendment motion to dismiss and/or for summary judgment.  *See Chavous v. District of Columbia Fin. Responsibility and Mgt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

Additionally, the Court **STRIKES** Plaintiff's September 4, 2020 notice to arrange for a court reporter (ECF No. 144), and Plaintiff's September 15, 2020 notice to arrange for a court reporter, declarations, depositions, and planning meetings (ECF No. 143), as neither comports with the Court's September 4, 2020 order requiring leave of the Court to file additional motions and directing the parties to cease filing nonconforming documents with the Court.  (ECF No. 137.)  As the filing of such discovery materials with the Court is improper pursuant to Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 ("[a] party or other person may not file discovery material" except in limited circumstances), any further attempts to file similar discovery requests will be **STRICKEN** from the Court's docket.[5]

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: September 28, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE