UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

       Plaintiff,

v.

HANNA SAAD, *et al.*,

       Defendants.
_____/

Case No. 4:19-cv-10584
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

**ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 127) AND REFERRING THIS MATTER TO THE *PRO BONO* ADMINISTRATOR OF COUNSEL, AND ADDRESSING PLAINTIFF'S LETTER REQUESTS (ECF Nos. 149 & 150)**

Plaintiff Jamel Leon Robinson, a state inmate who is proceeding without the assistance of counsel, filed this action on February 26, 2019 (ECF No. 1), along with an application to proceed *in forma pauperis* (ECF No. 2). Upon its initial screening of Plaintiff's lawsuit, the Court dismissed all but two of Plaintiff's claims and eleven Defendants. (ECF No. 13, PageID.107-108.) The two remaining claims involve allegations of involuntary medical treatment and racial discrimination. (ECF No. 1, PageID.21-22, 26.)

On June 26, 2020, I issued a report and recommendation that the Court grant the motion for summary judgment (ECF No. 32) filed by five of the remaining Defendants as well as the motion for partial summary judgment (ECF No. 41) filed

by three of the remaining Defendants (ECF No. 81), which the Court accepted and adopted by opinion and order entered July 24, 2020 (ECF No. 106). However, Plaintiff's objections have since been docketed and are currently pending before the Court. (*See* ECF Nos. 128, 131, 132, 133.) He has also filed notices of appeal. (ECF Nos. 136 & 140.)

On March 6, 2020, the Court entered an order denying without prejudice Plaintiff's motion to appoint counsel (ECF No. 9), finding that Plaintiff had "not described any exceptional circumstances to justify a request for appointment of counsel at [that] time" (ECF No. 38, PageID.319). However, the Court now believes that appointing *pro bono* counsel for Plaintiff would be beneficial and appropriate.[1] Accordingly, his motion to appoint counsel (ECF No. 127) is **CONDITIONALLY GRANTED**. This case is hereby referred to the Court's *pro bono* administrator. If an attorney is found who will agree to represent Plaintiff in this case, an order of appointment will be entered.

---

[1] The Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

Further, the Court has reviewed Plaintiff's September 25, 2020 and September 30, 2020 letters (ECF Nos. 149 & 150) filed pursuant to the Court's September 4, 2020 order requiring leave of the Court to file additional motions (ECF No. 137).  To the extent Plaintiff seeks leave to file an additional motion for default or default judgment (*see* ECF No. 149, PageID.2067), that request is **DENIED** as his motion for default judgment (ECF No. 59) is currently pending before the Court.  And his request for leave to file "a motion seeking enlarg[e]ment" (ECF No. 149, PageID.2067) related to his July 24, 2020 objections to my report and recommendation (ECF No. 81) is also **DENIED**.  As stated above, Plaintiff's objections have been docketed and are currently pending before Judge Davis (ECF Nos. 128, 131, 132, 133), and he has filed notices of appeal (ECF Nos. 136 & 140).  However, to the extent he requests "instructions" from the Court regarding service of Defendants Jennifer LNU and Jill Lawrence (*see* ECF No. 149, PageID.2067), that request is **DENIED WITHOUT PREJUDICE**.  The Court anticipates that *pro bono* counsel, if appointed, will be well-suited to facilitate service of these remaining Defendants and/or request leave to file additional motions related to service, if necessary.  And if the result is that no counsel is appointed, Plaintiff may file another request for leave related to service in accordance with this Order and the September 4, 2020 order requiring leave of the Court to file additional motions (ECF No. 137).

Plaintiff's request for "leave to Respond or Refile to Defendant Dismissal ECF No. 81, PageID.971-972, 976). Amended Motion ECF No. 74" (ECF No. 150, PageID.2070) is also **DENIED**, as the Court is unable to discern what Plaintiff intends to file with the Court's permission. The specific pages cited refer to my report and recommendation allowing Defendant Richard Baisch to file a motion to stay discovery, which he did, and which the Court subsequently granted (ECF No. 147). Thus, to the extent Plaintiff is requesting leave to respond to Defendant Baisch's motion to stay discovery (ECF No. 86), that request is **MOOT**. Moreover, ECF No. 74 is Defendant Baisch's original motion to dismiss, which has since been stricken by the Court (09-23-20 Text-only Order), and Plaintiff has already filed two responses (ECF Nos. 123 & 130) to Defendant Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83) currently pending before the Court. *See* E.D. Mich. Local Rule 7.1(c)(3) ("A party must obtain leave of court to file more than one response to a motion for summary judgment.").

Finally, the Court **STAYS** all further motion practice for 30 days to **Thursday, November 19, 2020**, pending appointment of *pro bono* counsel. Should counsel not be appointed within that timeframe, motion practice may continue, subject to the pre-filing restrictions previously imposed by the Court.

4

**IT IS SO ORDERED.**

Dated: October 20, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE