UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMEL LEON ROBINSON, | Case No. 19-cv-10584 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| HANNA SAAD ET AL., | Anthony P. Patti |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 132], GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 133], OVERRULING PLAINTIFF'S OBJECTIONS 1–4 AND 6, OVERRULING PLAINTIFF'S OBJECTION 5 AS TO DEFENDANTS ROSEN AND BENNETT, AND SUSTAINING PLAINTIFF'S OBJECTION AS TO DEFENDANT RAMBUS [ECF NO. 124]**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

Before the court are Plaintiff Jamel Robinson's Objections to the Report and Recommendation issued by Magistrate Judge Patti on June 26, 2020. (ECF No. 124). On February 4, 2020, the Defendant medical professionals—Saad, Wilanowksi, Fry, Closser, and Hutchinson—filed a motion for summary judgment (ECF No. 32). Defendants Rosen, Bennett, and Rambus[1]—employees of the

---

[1] The docket spells Rambus' name as Rumbus. Defendants' motion for summary judgment identifies this defendant as Rambus, so the court will spell Rambus consistent with the spelling in Defendants' summary judgment motion.

1

Michigan Department of Corrections ("MDOC defendants")—filed a motion for partial summary judgment and motion to dismiss on March 10, 2020 (ECF No. 41). Robinson filed a motion to dismiss partial summary judgment on April 7, 2020. (ECF No. 55). This court referred the matter to Magistrate Judge Anthony P. Patti, who issued a Report and Recommendation ("R&R") on June 26, 2020. (ECF No.81). The R&R recommended that the court grant the medical Defendants' motion for summary judgment for failure to exhaust administrative remedies. Next, it recommended granting MDOC Defendants Rosen and Bennett's motion for partial summary judgment and motion to dismiss for failure to exhaust administrative remedies and sovereign immunity. It recommended granting summary judgment to Defendant Rambus for sovereign immunity only, and therefore only to the extent that Robinson was suing Rambus in her official capacity.[2] Lastly, the R&R recommended denying Robinson's motion to dismiss partial summary judgment. (ECF No. 81, PageID.951, 967–74).

The court did not receive any objections to the R&R and on July 24, 2020, it entered an Opinion and Order accepting and adopting Magistrate Judge Patti's Report and Recommendation. (ECF No. 106). On August 6, 2020, the court docketed Plaintiff's objections to the R&R. (ECF No. 124). Plaintiff filed a

---

[2] Rambus has thus remained a Defendant in this action to the extent that Robinson is suing her in her individual capacity.

second objection to the R&R on August 14, 2020 to explain the delay in filing of his first objection. (ECF No. 131). Plaintiff also filed a Motion to Remand Report and Recommendation back to the District Court for Reconsideration, and a Motion for Relief from Judgment and Orders. (ECF Nos. 132, 133).

Plaintiff's second objection states that he received Magistrate Judge Patti's R&R on July 3, 2020. (ECF No. 131, PageID.1838). Plaintiff submitted his objections via regular mail on July 13, 2020 and the United States Postal Service accepted/processed the mailing on July 15, 2020. *Id.* Plaintiff's Motion to Remand for Reconsideration and Motion for Relief from Judgment both request the court to consider his first objections as timely filed. (*See* ECF Nos. 132, 133).

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), a party has 14 days to file an objection after being served with a report and recommendation. Fed. R. Civ. P. 6(d) extends the objection period for documents served via regular mail from 14 days to 17 days. Magistrate Judge Patti issued his R&R on June 26, 2020. Robinson states that he was served with the R& R on July 3, 2020. Therefore, Robinson had until July 20, 2020 to file any objections. Robinson asserts that he submitted his initial objection to the mail service on July 13, 2020 but that the post office did not process the objection until two days later on July 15, 2020. These representations are supported by the documentation he has submitted. (ECF No. 124, PageID 1769-1771). Thus, while his first objections were not docketed until

August 6, 2020, pursuant to the federal statute and federal rules and Robinson's own admissions, it appears that he filed his objection in a timely manner.[3] Even if Robinson had not filed his objections by July 20, 2020, this court recognizes that the COVID-19 pandemic has created delays with the United States Postal Service and the filings docketed by this court. It appears that such delays affected both the delivery of Robinson's objections to the court and the docketing of the same once received in the court. Therefore, the court will consider objections that are not filed within the 14 or 17-day period required under the statute and rules. Robinson's Motion to Remand and Motion for Relief from Judgment [ECF Nos. 123, 133] are GRANTED. Upon review of Robinson's objections, the court will OVERRULE objections 1–4 and 6; OVERRULE objection 5 as to Defendants Rosen and Bennett; and SUSTAIN objection 5 as to Defendant Rambus and reinstate claims against her in her official capacity only.

## II. LEGAL STANDARD

This court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("the district court must

---

[3] The prison mailbox rule holds that a notice of appeal is deemed timely filed if it is delivered to the proper prison authorities for submission to the court within the timeframe allowed for an appeal. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988). The prison mailbox rule also applies to the filing of objections to a magistrate judge's report and recommendation. *Walker v. City of Lakewood*, 35 F.3d 567 (6th Cir. 1994) (Table).

determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

## III. DISCUSSION

Robinson makes six different objections to the magistrate judge's R&R. First, Robinson asserts that factual disputes preclude a finding of summary judgment in Defendants' favor. Second, he states that his factual allegations create a material issue of fact about his Eighth Amendment claims. Third, he argues that certain discovery responses from Defendants were unclear to him and that his due process rights have been abridged because he has failed to receive some of the documents relating to this case. Fourth, he states that Defendants Jill Lawrence and Jennifer LNU have not yet been served. Fifth, he argues that Defendants are not entitled to Eleventh Amendment immunity. Lastly, Robinson argues that the

5

R&R erred in concluding that he failed to exhaust his administrative remedies. (ECF No. 124, PageID.1554, 1570).

### A. Objection One

Robinson's first objection states that the R&R erred in its conclusion that there were no disputes of material fact precluding summary judgment, and that the court improperly assessed credibility when assessing the declaration that he submitted opposing summary judgment. (ECF No. 124, PageID.1559–61). The objection also improperly discusses qualified immunity, which is not an issue in this case and not discussed in the June 26, 2020 R&R.

Robinson's first objection argues that Magistrate Judge Patti improperly assessed his credibility in the R&R because he concluded that Robinson's unsworn declaration contained unsupported allegations that did not create genuine fact disputes. (ECF No. 124, Page ID.1561). Robinson then maintains that disputes of fact preclude summary judgment. *Id.* However, Defendants' summary judgment and partial summary judgment motions only argued that Plaintiff failed to exhaust his administrative remedies and argued that they were entitled to sovereign immunity. (ECF Nos. 32, 41). The Defendants did not argue, nor did the court consider, whether fact issues precluded summary judgment. (*See id.* at PageID.967–74). Further, Robinson's argument that there are disputed facts relating to qualified immunity is not germane to the subject motion or the R&R as

6

the defendants simply did not premise their motion on qualified immunity. The court will therefore overrule Plaintiff's first objection.

### B. Objection Two

Robinson's second objection similarly states that factual issues preclude summary judgment on his Eighth Amendment claims. (ECF NO. 124, PageID.1561). Robinson argues that his affidavit creates a genuine dispute of material fact that Defendants violated his Eighth Amendment rights. (*Id.* at PageID.1561–62). However, again, the R&R does not reach the substance of the summary judgment claims and only considered Defendants' exhaustion and sovereign immunity arguments. Thus, the court will also overrule Robinson's second objection.

### C. Objection Three

Plaintiff's third objection states that Defendants' objections to his discovery requests were not clear. (ECF No. 124, PageID.1563). Robinson also states that his due process rights are being stagnated because he has not received copies of exhibits and other documents in this case, including the motion to dismiss filed as ECF No. 83 by Defendant Richard Baish. (*Id.* at PageID.1565).

The court is not clear what part of Magistrate Judge Patti's R&R Robinson is objecting to in his third objection. Despite this fact, the court will overrule Robinson's objection. Robinson's statements inform the court that he is confused

about Defendants' discovery answers; however, the court cannot remedy Robinson's confusion through the objection process.  Further, Robinson states that he has not gotten all of the exhibits and other documents filed in this case. Robinson does not state which exhibits he has not received; he only states that he filed a grievance through the prison where he is incarcerated for denying him copies of exhibits.  This court will defer to the ongoing grievance process for Robinson's alleged denials of exhibits. Lastly, the court recognizes the delays occurring in the mail and the filing process due to COVID-19.  The court is allowing the Robinson more time to file his pleadings for this reason.

### D.  Objection Four

Robinson's fourth objection states that Defendants Jill Lawrence and Jennifer LNU have not been served.  Robinson states that he has been trying to serve Lawrence and LNU again.  (ECF No. 124, PageID.1565–68).  Magistrate Judge Patti's R&R does not implicate Defendants Lawrence and Jennifer LNU; it merely states that they have not yet been served, that the Clerk's Office denied Robinson's request for entry of default against them, and there is a pending motion for default judgment against Lawrence and Jennifer LNU that is before the court. (ECF No. 81, PageID.953).  Robinson's fourth objection is therefore not actually an objection to any proposed rulings issued in the June 26, 2020 R&R.  Therefore the court will overrule objection four.

### E. Objection Five

The magistrate judge's R&R concluded that Defendants Rambus, Rosen, and Bennett were entitled to Eleventh Amendment immunity to the extent that they were being sued in their official capacities. (ECF No. 81, PageID.972). It also concluded that Defendants Rosen and Bennett were entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies. (*Id.* at PageID.971). In objection five, Robinson states that the MDOC Defendants are not entitled to Eleventh Amendment immunity. Robinson then conflates Eleventh Amendment sovereign immunity with qualified immunity by arguing that qualified immunity does not apply when a plaintiff is suing for injunctive relief. (ECF No. 124, PageID.1569). Qualified immunity is not at issue in this case; so the court will consider Robinson's objection as it applies to sovereign immunity.

A limited exception to sovereign immunity exists where "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 527 (6th Cir. 2008). "It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n. 14, (1983) (citing *Ex parte Young*, 209 U.S. 123, 160–62, 28 S. Ct. 441). *See also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, (2011) (noting that "when a federal court commands a state official to do

nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.").

To determine if the sovereign immunity exception applies, the court conducts a " straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Stewart*, 563 U.S. at 255 (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

In this case, Robinson claims that he involuntarily received psychotropic medication from Defendants Rosen and Bennett prior to a July 11, 2016 hearing that deemed him mentally ill. (ECF No. 1, PageID.21–22). The magistrate judge's R&R granted summary judgment to Rosen and Bennett based on lack of exhaustion and sovereign immunity. Therefore, even if sovereign immunity does not apply to Rosen and Bennett, the claims against them were fully dismissed for failure to exhaust administrative remedies. *See infra*, Section f, Objection Six. However, the R&R concluded that Robinson did exhaust his administrative remedies against Defendant Rambus. (ECF No. 81, PageID. 972). Therefore, the allegations against Rambus were not dismissed for failure to exhaust, and Robinson's sovereign immunity objection is only material to Defendant Rambus.[4]

---

[4] Nonetheless, Robinson's claims against Rosen and Bennett do not qualify for the sovereign immunity exception. Robinson argues that the Defendants should be liable for a past event—wrongfully giving him medication in 2016. This claim is not a claim for prospective injunctive relief and the sovereign immunity exception cannot apply to the claim.

Robinson's complaint alleges that Rambus denied him access to the Violence Prevention Program ("VPP") in 2018 because of his race, even though he was at the top of the list to get into the program. (*Id.* at PageID.26). A straightforward review of Robinson's complaint demonstrates that his allegation against Rambus alleges an ongoing violation of federal discrimination law. If Robinson's allegations against Rambus are true, the court can remedy the violation by ordering Rambus not to discriminate against Robinson due to race and to allow him into the program—i.e., prospective relief. Robinson does not specifically request prospective injunctive relief for Rambus' alleged violations in his complaint. *See* ECF No. 1. However, courts should construe *pro se* complaints liberally and hold them to less stringent standards than pleadings drafted by attorneys. *Hix v. Tennessee Dept of Corr.*, 196 F. App'x 350, 353 (6th Cir. 2006). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Based on the foregoing, the court will OVERRULE Robinson's objection 5 as to Defendants Rosen and Bennett and SUSTAIN Robinson's objection 5 as to Defendant Rambus.

**F. Objection Six**

Lastly, objection six states that the R&R improperly granted summary judgment for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). (ECF No. 124, PageID.1570). Robinson asserts that he

11

submitted grievances for his claims, but the grievance coordinator sent them back to him and officers at the prison put his grievances in the wrong mailbox at the prison; therefore, he could not meet the deadlines to exhaust his administrative remedies. *Id.* Plaintiff asserts that his administrative grievance procedure was obstructed, which precluded him from exhausting his remedies. Therefore, he appears to be objecting to the execution of the grievance process at his prison and not directly with the fact that he failed to exhaust his administrative remedies.

In general, courts do not have discretion to excuse a failure to exhaust under the PLRA. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (holding that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). However, pursuant to the PLRA, the exhaustion requirement centers on the "availability" of administrative remedies. *Id.* at 1858. An inmate only needs to exhaust available, and not unavailable, administrative remedies. The *Ross* Court listed three circumstances in which administrative remedies may exist, but are not functionally available for plaintiffs. First, the Court stated that an administrative procedure is unavailable when it operates as a "dead end"—where officers consistently do not provide any relief to inmates who file grievances. *Id.* at 1859. Next, an administrative procedure is unavailable when the procedure is so unclear or difficult to access that it becomes "incapable of use"—for example, when the grievance rules are too confusing for a reasonable

incarcerated person to understand. *Id.* Lastly, administrative remedies are not available when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Robinson asserts in his objection that he was not able to exhaust his administrative remedies because the grievance coordinator and prison officials thwarted his efforts by sending his grievances back to him and placing his grievances in the wrong box so they could not be properly submitted in a timely manner. Robinson attached to his objection, Step II grievance RGC-18-05-00928-11C submitted on July 2, 2018, in which he alleged that officials were violating due process in their handling of his grievances. The grievance, which related to a May 7, 2018 incident was rejected as untimely. (ECF No. 124, PageID.1579).

In his response opposing Defendants' summary judgment motions, Robinson similarly stated that exceptions to the exhaustion requirement exist where there is a threat of retaliation and where an inmate does not receive a response to a timely grievance. (ECF No. 55, PageID.558). The R&R addressed Robinson's assertions by stating that Robinson did not specifically argue that an exception applied in his case; Robinson merely stated that exceptions exist. (ECF No. 81, PageID.969–70). The R&R more significantly concluded that the record contained no grievances relating to his remaining claims against the Defendants for

13

improper administration of medication and his grievances did not name any of the Defendants. (*Id.* at PageID.967). The R&R found that only one of Robinson's grievances related to medical care: RGC-18-04-0750-28e. (*Id.* at PageID.968). However, the R&R concluded that the grievance did not exhaust his claims against the Defendants because it listed a 2018 incident date—nearly two years after Defendants allegedly administered medication to Robinson involuntarily in 2016. (*Id.*). Further, the grievance did not name any of the relevant Defendants at Step I nor did the grievance assert that Defendants had forced him to take psychotropic medication. (*Id.*). Thus, the R&R concluded that Robinson failed to exhaust his administrative remedies against the medical Defendants and the MDOC defendants, excluding Rambus, because the record does not contain any grievance that reflects Robinson's medical treatment claims against Defendants.

Upon review of the R&R and Robinson's grievance record (ECF 32-1), the court agrees with the R&R and concludes that no grievance asserting involuntary administration of psychotropic medication in 2016 exists in the record. The grievance that most closely relates to his claim of involuntary medication alleges that in April of 2018, Robinson was diagnosed with a mental illness and placed on medication; however, the grievance states that Robinson no longer has mental illness. (ECF No. 32-1, PageID.230). Robinson has not come forward with any grievance(s) that he attempted to submit, but which was returned to him from the

14

prison, relating to his claims that Defendants administered psychotropic medication to him in 2016. Therefore, irrespective of Robinson's claims that prison officials' actions prevented him from timely filing his grievances, there is no evidence in the record that Robinson ever filed or attempted to file any grievances alleging that Defendants involuntarily medicated him in 2016.

For the foregoing reasons, the court will overrule objection 6.

### IV. CONCLUSION

For the reasons discussed herein, the court **OVERRULES** Plaintiff's objections 1–4 and 6 to Magistrate Judge Patti's June 26, 2020 Report and Recommendation. The court will also **OVERRULE** Plaintiff's objection 5 as to Defendants Rosen and Bennett, but will **SUSTAIN** objection 5 as to Defendant Rambus. Hence, the court will reinstate Robinson's claims against Rambus in her official capacity.

SO ORDERED.

Dated: October 30, 2020                    s/Stephanie Dawkins Davis
                                           HON. STEPHANIE DAWKINS DAVIS
                                           United States District Judge

CERTIFICATE OF SERVICE

    I certify that on October 30, 2020 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel and/or parties of record and that I have mailed by United States Postal Service to the following non-ECF participant: <u>Jamal Leon Robinson #467859, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.</u>

                        <u>s/Tammy Hallwood</u>
                        Case Manager