UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

                Plaintiff,                Case No. 4:19-cv-10584
                                     District Judge Stephanie Dawkins Davis
v.                              Magistrate Judge Anthony P. Patti

HANNA SAAD, *et al.*,

                Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(ECF No. 59), CONDITIONALLY GRANTING PLAINTIFF'S MOTION
FOR SECOND SUMMONS AND ORDER (ECF No. 91), DENYING
PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO ANSWER OR
RESPOND (ECF No. 155), DENYING AS MOOT PLAINTIFF'S MOTIONS
FOR RECORDS KEPT BY THE CLERK (ECF No. 110), FOR
MISJOINDER AND NONJOINDER OF PARTIES (ECF No. 112) AND FOR
PERMISSIVE JOINDER (ECF No. 114), AND STRIKING PLAINTIFF'S
NOTICE TO THE CLERK OF THE COURT (ECF No. 152), AND
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
GRANT DEFENDANT RICHARD BAISCH'S AMENDED MOTION TO
DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF No. 83) AND TO
DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION (ECF No. 82)</u>**

## I.    SUMMARY OF NON-DISPOSITIVE ORDERS:

      Plaintiff's motion for a default judgment (ECF No. 59) is **DENIED**,

Plaintiff's motion for a second summons and order (ECF No. 91) is

**CONDITIONALLY GRANTED**, Plaintiff's motion for additional time to answer

or respond (ECF No. 155) is **DENIED**, Plaintiff's notice to the Clerk of the Court

(ECF No. 152) is **STRICKEN FROM THE RECORD**, and Plaintiff's motions

for records kept by the clerk (ECF No. 110), for misjoinder and nonjoinder of

parties (ECF No. 112), and for permissive joinder (ECF No. 114) are **DENIED AS**

**MOOT**.

## II.    RECOMMENDATION ON DISPOSITIVE MOTIONS:

The Court should **GRANT** Defendant Richard Baisch's amended motion to

dismiss and/or for summary judgment (ECF No. 83) and **DENY** Plaintiff's motion

for a temporary restraining order and preliminary injunction (ECF No. 82).

## III.    REPORT ON DISPOSITIVE MOTIONS:

### A.    Background

#### 1.    Procedural Background

Plaintiff Jamel Leon Robinson, a state inmate proceeding without the

assistance of counsel, filed this action on February 26, 2019 (ECF No. 1), along

with an application to proceed *in forma pauperis* (ECF No. 2).  Upon its initial

screening of Plaintiff's lawsuit, the Court dismissed all but two of Plaintiff's

claims and eleven Defendants, stating:

> [T]he complaint here suggests that the plaintiff was not afforded
> sufficient process to challenge the administration of medication that
> he did not want to take, because he alleges that he involuntarily
> received psychotropic medication between June 17 and 25, 2016, and
> those dates precede a July 11 hearing at which he was found mentally

ill.  (Compl. at 21-22)  Based on those allegations, the plaintiff plausibly has stated a claim against the following defendants who allegedly personally administered the involuntary treatment: Hanna Saad (1), Aleksandra Wilanowski (2), Laura Fry (3), Derek Rosen (31), Jill Lawrence (32), Mary Closser (33), Richard Bais[c]h (34), Michael Bennett (35), Mental Health Director Designee Jennifer LNU (40), and Disease Specialist Hutchinson (53).

*   *   *

The plaintiff's allegations that he was denied a position in the [Violence Prevention Program] VPP program because of racial discrimination, despite being first on the list for the course, sustain a viable claim for relief against defendant [Shelley] R[a]mbus.

(ECF No. 13, PageID.107-108.)  Plaintiff's allegations related to these two

surviving claims appear on pages 21-22 and 26 of his complaint.  (ECF No. 1,

PageID.21-22, 26.)

Judge Davis referred this case to me for all pretrial matters on March 3, 2020

(ECF No. 36), and on June 26, 2020, I issued a report and recommendation that the

Court grant the summary judgment motion filed by Defendants Saad, Wilanowski,

Fry, Closser, and Hutchinson (the medical Defendants) (ECF No. 32), as well as

the motion for partial summary judgment filed by Defendants Rosen, Bennett, and

Rambus (the MDOC Defendants) (ECF No. 41), reasoning that Plaintiff failed to

exhaust his involuntary medical treatment claim against the above Defendants, but

that Plaintiff's racial discrimination claim against Defendant Rambus in her

individual capacity survived exhaustion.  (ECF No. 81, PageID.967-977.)

On October 30, 2020, the Court entered an opinion and order overruling the majority of Plaintiff's objections, but reinstating his racial discrimination claim against Defendant Rambus in her official capacity (ECF No. 158, PageID.2109), and clarified that opinion and order on December 10, 2020, stating:

> [T]he court ACCEPTS and ADOPTS the portion of the R&R that granted summary judgment for the medical defendants (Saad, Wilanowski, Fry, Closser, and Hutchinson) and MDOC Defendants Rosen and Bennett, and these Defendants are terminated from this matter. The court REJECTS the portion of the R&R that dismissed the claims against defendant Rambus in her official capacity. Defendant Rambus therefore remains a Defendant in this matter in her official and individual capacities.

(ECF No. 163, PageID.2137.)  Thus, the only claims remaining are Plaintiff's racial discrimination claim against Defendant Rambus, and involuntary medical treatment claims against Defendants Lawrence, Jennifer LNU, and Baisch.[1]

As of the writing of this report and recommendation, it does not appear as if service has been completed upon Defendants Lawrence and Jennifer LNU, a matter which will be discussed in further detail below.  Counsel for Defendant Baisch did not enter an appearance until June 15, 2020 (ECF No. 77), well over a year after Plaintiff filed his complaint, and not long after filing a motion to dismiss

---

[1] It should also be noted that on October 20, 2020, I conditionally granted Plaintiff's motion to appoint counsel (ECF No. 151), and referred his case to the *pro bono* coordinator, who was unable to secure counsel for Plaintiff.  Should Plaintiff's case survive dispositive motion practice, and proceed to trial, the issue of counsel may be revisited.

on Defendant Baisch's behalf pursuant to Fed. R. Civ. P. 4 and 12(b)(6), arguing

that Defendant Baisch was never properly served (ECF No. 74, PageID.856).

Additionally, on June 24, 2020, Defendant Baisch concurred in the motion for

summary judgment filed by the medical Defendants on the basis of exhaustion.

(ECF No. 80.)  Notwithstanding this concurrence, however, I found, in my June

26, 2020 report and recommendation, that Defendant Baisch must make any

argument that Plaintiff failed to exhaust his administrative remedies himself, by

withdrawing and re-filing his motion to dismiss.  (ECF No. 81, PageID.971-972,

975-976.)[2]

### 2.   Instant Motions

#### a.   Defendant Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83)

On July 2, 2020, Defendant Baisch timely filed an amended motion to

dismiss and/or for summary judgment pursuant to Fed. R. Civ. P. 12(b)(4), (5), and

(6), and Fed. R. Civ. P. 56, asserting that: (1) he was never properly served with

the summons and complaint for this matter in accordance with Fed. R. Civ. P. 4(e),

necessitating either an order requiring proper service or dismissal of the action; (2)

---

[2] I also informed Defendant Baisch that he must file his own motion to stay discovery (ECF No. 81, PageID.971-972, 975-976), which he did on July 2, 2020 (EF No. 86), and which I granted on September 28, 2020 (ECF No. 147). Plaintiff's October 22, 2020 objections to that opinion and order remain pending before the Court.  (ECF No. 154.)

Plaintiff failed to properly state a claim against him because Plaintiff did not allege

or otherwise establish any evidence of a physical injury as required by the Prisoner

Litigation Reform Act (PLRA) at 42 U.S.C. § 1997e; and (3) he is entitled to

summary judgment because Plaintiff failed to properly exhaust administrative

remedies for the remaining involuntary medical treatment claim against him.  (ECF

No. 83; *see also* ECF No. 81, PageID.971, 976.)  In so doing, Defendant Baisch

attaches Plaintiff's certified Grievance Report, which appears to be a photocopy of

the Grievance Report the medical Defendants attached to their motion for summary

judgment (ECF No. 32-1), and argues, as they did, that the PLRA requires

exhaustion to bring a cause of action with respect to prison conditions, and that a

review of the Grievance Report reveals that Plaintiff filed no grievances in 2016,

let alone any grievances complaining of the forced administration of medication by

Defendant Baisch (ECF No. 83, PageID.1007-1008, 1011-1013).

The Court ordered Plaintiff to respond to Defendant Baisch's amended

motion by August 3, 2020 (ECF No. 89), and on July 20, 2020, Plaintiff filed a

response[3] in which he argues that: (1) Defendant Baisch has been defaulted for

failure to answer his complaint or to file a motion to dismiss; (2) he was treated

---

[3] Plaintiff's response meets the requirements of an unsworn declaration because he
states, "I declare under Penalty of Perjury that the foregoing is true, and correct."
(ECF No. 123, PageID.1551.)  *See* 28 U.S.C. § 1746(2).

and wrongly diagnosed by Defendant Baisch, a psychologist at Woodland

Correctional Facility (WCC), on July 17, 2016; and (3) forcing medication is

assault and battery, which is a physical injury (ECF No. 123, PageID.1543-1546).

He then re-filed the exact same response on August 14, 2020 (ECF No. 130),

before filing what appears to be a third response on October 12, 2020 (ECF No.

154).

Defendant Baisch filed a reply to Plaintiff's initial response on August 10,

2020,[4] arguing:

> Plaintiff's Response brief, in large part, fails to actually respond
> to Defendant Baisch's arguments in support of his request for a
> dismissal in this case.  In that regard, Plaintiff's Response brief
> contains absolutely no discussion, nor does it present any evidence
> that his administrative claims against Defendant Baisch with respect
> to his purported improper/forced medical treatment claim were
> exhausted prior to filing suit.

(ECF No. 126, PageID.1777.)  Further, he asserts that he has not been defaulted,

despite Plaintiff's arguments to the contrary.  (ECF No. 126, PageID.1778.)

### b.    Plaintiff's motions

#### i.    Plaintiff's motions for a default judgment (ECF No. 59) and for a second summons and order (ECF No. 91)

---

[4] As Plaintiff's initial response to Defendant Baisch's amended motion to dismiss and/or for summary judgment was not docketed until August 6, 2020 (ECF No. 123), Defendant Baisch's August 10, 2020 reply brief was timely filed.  E.D. Mich. Local Rule 7.1(e)(1)(C) ("If filed, a reply brief supporting a dispositive motion must be filed within 14 days after service of the response, but not less than 3 days before oral argument.").

On April 17, 2020, Plaintiff filed a motion for a default judgment as to

Defendants Baisch, Lawrence, and Jennifer LNU, asserting that a default had been

entered against each for failure to answer or otherwise defend, and requesting entry

of a default judgment in his favor (ECF No. 59), to which Defendant Baisch

responded in opposition on July 6, 2020 (ECF No. 92).  And on June 17, 2020,

Plaintiff filed a motion for second summons and order, which is a one-page form

that cursorily states, "The defendant's are invading [evading] service."  (ECF No.

91, PageID.1365.)

> ### ii.     Plaintiff's motion for a temporary restraining order/preliminary injunction

On April 23, 2020, but not docketed until July 1, 2020, Plaintiff filed a

motion for an order requiring Defendants Saad, Wilanowski, Fry, Closser,

Hutchinson, Rambus, Bennett, Rosen, and Baisch to show cause why a preliminary

injunction should not issue pursuant to Fed. R. Civ. P. 65.  (ECF No. 82,

PageID.979.)  He also requests that Defendants Saad, Wilanowski, Fry, Closser,

Rosen, Baisch, Rambus, Bennett, Hutchinson, and Lawrence:

> be Place on a Restraining order from the Plaintiff for any forms of
> medical examination by the state prison medical employee nor
> Corizon Healthcare employee's who were qualified but used wrongful
> Judgment maliciously Acts that injured the Plaintiff course of medical
> or mental repair will leave the Plaintiff constitutionally damage.

ECF No. 82, PageID.980-981.)

8

Defendant Baisch filed his response in opposition on July 9, 2020, arguing, in part, that Plaintiff cannot establish a substantial likelihood of success on the merits, nor would he suffer irreparable injury. (ECF No. 99, PageID.1429.) And the MDOC Defendants filed their own response in opposition on July 10, 2020. (ECF No. 100.)

### iii.    Plaintiff's additional motions

The Court will also address and decide, in this combined order and report and recommendation, Plaintiff's July 7, 2020 motions for records kept by the clerk (ECF No. 110), for misjoinder and nonjoinder of parties (ECF No. 112), and for permissive joinder (ECF No. 114), to which Defendant Baisch responded in opposition (ECF Nos. 118, 120, 121), as well as Plaintiff's October 12, 2020 motion for additional time to answer or respond (ECF No. 155).

### B.    Standards

#### 1.    Summary Judgment[5]

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[5] As will be explained in further detail below, I am recommending that the Court grant Defendant Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83) on the basis of exhaustion alone. Thus, for the purpose of brevity, I have excluded from this report the standards for dismissal under Rules 12(b)(4), (5), and (6).

56(a).  A fact is material if it might affect the outcome of the case under governing

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court

"views the evidence, all facts, and any inferences that may be drawn from the facts

in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt.*

*Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

 "The moving party has the initial burden of proving that no genuine issue of

material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing

that if a party "fails to properly address another party's assertion of fact," the court

may "consider the fact undisputed for purposes of the motion").  "Once the moving

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)).

 The nonmoving party "must make an affirmative showing with proper

evidence in order to defeat the motion."  *Alexander v. CareSource*, 576 F.3d 551,

558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*,

432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must . . . do more than

simply show that there is some metaphysical doubt as to the material facts[.] . . .

[T]here must be evidence upon which a reasonable jury could return a verdict in

favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).  In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case . . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming

11

grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### 2.    Preliminary Injunction

The issuance of preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 is committed to the discretion of the district court.  *See Northeast Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  In exercising that discretion, a court must consider whether the plaintiff has established the following "factors, [which] are to be balanced against one another": (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction.  *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

"[T]he preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it," *Leary*, 228 F.3d at 739 (quotation marks and citation omitted), and it is "never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion . . . ."  *Leary*, 228 F.3d at 739.  A plaintiff must affirmatively demonstrate his entitlement to injunctive relief.

Moreover, the PLRA requires that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires the preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). And where a prison inmate seeks an order enjoining state prison officials, the Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such, they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548; *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must

exercise restraint in supervising the minutiae of prison life.  Where, as here, a state

penal system is involved, federal courts have 'additional reason to accord

deference to the appropriate prison authorities.'" (citation omitted).

### C.    Discussion

#### 1.    Plaintiff's motions for default judgment (ECF No. 59) and for second summons and order (ECF No. 91)

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.

R. Civ. P. 55(a).  Thereafter, when the plaintiff's claim is not for a sum certain or

sum that can be made certain by computation, "the party must apply to the court

for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "An entry of default and a

default judgment are distinct concepts which must be treated separately."

*Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)

(quotation marks and citation omitted).  In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d

1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a),
> and the section of the rule regarding judgment is dealt with in Rule
> 55(b).  These sections have separate headings and procedures that are
> distinct from one another.  Thus, a plain reading of Rule 55
> demonstrates that entry of default by the clerk is a prerequisite to an
> entry of default judgment.

*See also Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305

(N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default

judgment under Rule 55(b).") (quotation marks and internal citation omitted).

Entry of a default or default judgment would be improper here.  Plaintiff

filed this action *in forma pauperis*, and the action is governed by the PLRA, which

provides in relevant part as follows:

> **(g) Waiver of reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought
> by a prisoner confined in any jail, prison, or other correctional
> facility under section 1983 of this title or any other Federal law.
> Notwithstanding any other law or rule of procedure, such waiver
> shall not constitute an admission of the allegations contained in the
> complaint.  No relief shall be granted to the plaintiff unless a reply
> has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint
> brought under this section if it finds that the plaintiff has a
> reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g).  Indeed, the Clerk's Office denied entry of default against

each of these Defendants, specifically citing 42 U.S.C. § 1997e(g) (ECF Nos. 61 &

62), and Defendants Baisch, Lawrence, and Jennifer LNU would only be required

to answer if the Court so ordered, which it did not.  Furthermore, there is no record

evidence that Defendants Lawrence or Jennifer LNU were ever properly served

with process, consistent with Plaintiff's request for a second summons, apparently

in their regard.  (ECF NO. 91.)  Accordingly, Plaintiff's motion for default

judgment (ECF No. 59) is **DENIED**.

However, Defendant's motion for second summons (ECF No. 91) is

**CONDITIONALLY GRANTED**.  Plaintiff must provide <u>current, accurate</u>

addresses for Defendants Lawrence and Jennifer LNU by **Friday, January 29,**

**2021**, should he wish the United States Marshal Service (USMS) to reattempt

service, at which time the Court would direct the Clerk's Office to reissue the

summons and complaint.  In light of the above, Plaintiff's notice to the Clerk of the

Court (ECF No. 152) is **STRICKEN FROM THE RECORD**, as it simply asks

the Clerk of the Court to take notice that previous attempts to serve these two

Defendants have been made.  (ECF No. 152, PageID.2080.)[6]

> **2.    The Court should grant Defendant Baisch's amended**
> **motion to dismiss and/or for summary judgment (ECF No.**
> **83) on the basis of exhaustion**

For the same reasons discussed at great length in my June 26, 2020 report

and recommendation to dismiss the involuntary medical treatment claim against

the medical Defendants and MDOC Defendants Rosen and Bennett (see ECF No.

81, PageId.962-972), the Court should grant Defendant Baisch's amended motion

---

[6] The Court notes that on August 11, 2020, Plaintiff filed a notice of address for
Defendant Jennifer LNU, providing the address of her last known employment,
seemingly in response to the July 28, 2020 notice from the Clerk's Office to do so
(ECF No. 107).  Should he wish to provide the Court with the same address in
compliance with this order, he may do so.

to dismiss and/or for summary judgment (ECF No. 83), and terminate him from this action.  Even viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could conclude that Plaintiff exhausted his involuntary medical treatment claim against Defendant Baisch.

Defendant Baisch met his initial burden of proving no genuine issue of material fact with regard to exhaustion by attaching to his motion Plaintiff's Grievance Report, which reveals no grievances complaining of the involuntary administration of medication by Defendant Baisch, let alone any grievances at all from 2016 (ECF No. 83-2).  And Plaintiff failed to produce any evidence to the contrary in his initial, timely response.  (ECF No. 123.)  *See Wrench LLC*, 256 F.3d at 453 ("Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" (citation omitted).[7]  Instead, Plaintiff again focuses on the merits of his claim (ECF No. 123, PageID.1543-1545), like he did in response to the medical Defendants' and MDOC Defendants' respective motions for summary judgment (ECF No. 43, PageID.266-268; ECF No. 53, PageID.534-537).  He did state, in what appears to be his third

---

[7] Although Defendant Baisch asserts that he is not a MDOC employee, he acknowledges that he performs work as a psychologist for WCC.  (ECF No. 83, PageID.1005.)  "[C]laims against private employees providing services in a state-run prison are . . . subject to exhaustion."  *Rodriguez v. Stevie*, No. 2:11-CV-515, 2013 WL 1194720, at *1 (W.D. Mich. Mar. 22, 2013).  *See also Bonga v. Abdellatif*, Case No. 2:16-cv-13685, 2017 WL 9802708, at *4-7 (E.D. Mich. Dec. 11, 2017).

response, that he "grieved the mental treatment grievance to # RGC 18030030328

¢ wrongfully with held Plaintiff grieva[n]ce's after turning them in" (ECF No. 154,

PageID.2085-2086), but the Court need not consider this response because it was

unauthorized in violation of E.D. Mich. LR 7.1(c)(3), is unsworn and attaches no

evidence. *See Viergutz*, 375 F. App'x at 485 (a party cannot rely on unsworn

filings to oppose a motion for summary judgment).

Moreover, the grievance Plaintiff refers to is in his Grievance Report (ECF

No. 83-2, PageID.1179) and, thus, has already been considered by the Court

which, in its order overruling the majority of Plaintiff's objections to my June 26,

2020 report and recommendation, acknowledged Plaintiff's argument that his

grievances were wrongly withheld, but concluded:

> Upon review of the R&R and Robinson's grievance record
> (ECF 32-1), the court agrees with the R&R and concludes that no
> grievance asserting involuntary administration of psychotropic
> medication in 2016 exists in the record. The grievance that most
> closely relates to his claim of involuntary medication alleges that in
> April of 2018, Robinson was diagnosed with a mental illness and
> placed on medication; however, the grievance states that Robinson no
> longer has mental illness. (ECF No. 32-1, PageID.230). Robinson
> has not come forward with any grievance(s) that he attempted to
> submit, but which was returned to him from the prison, relating to his
> claims that Defendants administered psychotropic medication to him
> in 2016. Therefore, irrespective of Robinson's claims that prison
> officials' actions prevented him from timely filing his grievances,
> there is no evidence in the record that Robinson ever filed or
> attempted to file any grievances alleging that Defendants involuntarily
> medicated him in 2016.

(ECF No. 158, PageID.2108-2109.)

Nor can Plaintiff's responses, other pending motions, or various letter requests be construed as Fed. R. Civ. P. 56(d) motions.  Plaintiff states in his initial response to the instant motion that vaguely identified "involuntary Audio Panel hearings records" damaging to the defense have been withheld (ECF No. 123, PageID.1548), but does not specify that such documents relate to exhaustion of his claim against Defendant Baisch.  And along with his objection to my order staying discovering (ECF No. 147), Plaintiff attaches the grievance he referred to in his unauthorized response to the instant motion (ECF Nos. 159, 154, PageID.2085-2086) but, as provided above, that should not alter the Court's decision.  Moreover, I fail to see what discovery would be helpful on exhaustion issues and Plaintiff fails to tell us.  Should the Court agree with my recommendation that Defendant Baisch's motion (ECF No. 83) should be granted based on Plaintiff's failure to exhaust his administrative remedies alone, it need not address Defendant Baisch's service and physical injury arguments (ECF No. 83, PageID.1003-1007, 1010-1011).

> **3.    Plaintiff's motions for records kept by the clerk (ECF No. 110), for misjoinder and nonjoinder of parties (ECF No. 112), for permissive joinder (ECF No. 114), and for additional time to answer or respond (ECF No. 155)**

In light of the above order denying Plaintiff's motion for default judgment (ECF No. 59), Plaintiff's motions for records kept by the clerk (ECF No. 110), for misjoinder and nonjoinder of parties (ECF No. 112), and for permissive joinder

(ECF No. 114) are **DENIED AS MOOT**, as each essentially argues for Defendant Baisch's default, citing various inapplicable Federal Rules of Civil Procedure.

Further, the Court **DENIES** Plaintiff's motion for additional time to answer or respond, filed on October 12, 2020, but docketed October 26, 2020 (ECF No. 155), as it is incomprehensible.  The Court cannot discern which motions or orders for which Plaintiff would like additional time to respond.

### 4. The Court should deny Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 82)

Finally, the Court should deny Plaintiff's motion for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65, as neither is warranted here.  Again, Plaintiff argues that Defendants be restrained from conducting any medical examination upon him.  (ECF No. 82, PageID.980-982, 986.)  Although he names Defendant Rambus in the motion, he makes no mention of enjoining any action related to the remaining claim against her of racial discrimination.

However, none of the relevant factors weigh in favor of issuing Plaintiff's requested temporary restraining order or preliminary injunction.  First, Plaintiff has not and cannot demonstrate a likelihood of success on the merits.  *Leary*, 228 F.3d at 736.  The Court has already dismissed the remaining involuntary medical treatment claim against Defendants Saad, Wilanowski, Fry, Closser, Hutchinson, Rosen, and Bennett on the basis of exhaustion, terminating each from the action

(ECF No. 158, PageID.2105-2109; ECF No. 163) and, as described above, should do the same for Defendant Baisch.  Having extensively reviewed Plaintiff's Grievance Report, there is no reason to believe the outcome would be different for Defendants Lawrence and Jennifer LNU, should Plaintiff complete service upon them.

Should the Court agree, it need not consider the remaining factors in much detail.  *See Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.").  Plaintiff has not shown the likelihood of irreparable injury, *Leary*, 228 F.3d at 736, as his involuntary medical treatment claim stems from the alleged administration of psychotropic medication in June 2016, over four years ago and, again, he has decidedly not prevailed on that claim against several defendants, and is unlikely to prevail on that claim against the remaining defendants.  Nor do the last two factors—absence of harm to other parties and protection of the public interest, *id*., weigh in Plaintiff's favor.  An injunction or TRO here would both harm the State's interest in keeping its prisons secure, as well as the public interest in the same, *see Bell,* 441 U.S. at 547; *Ward*, 58 F.3d at 273; *McKune*, 536 U.S. at 37, especially considering Plaintiff's failure to exhaust his involuntary medical treatment claim against the named Defendants.

   **D.**    **Conclusion**

Plaintiff's motion for a default judgment (ECF No. 59) is **DENIED**, Plaintiff's motion for a second summons and order (ECF No. 91) is **CONDITIONALLY GRANTED**.  Plaintiff must provide <u>current, accurate</u> addresses for Defendants Lawrence and Jennifer LNU by **Friday, January 29, 2021**, should he wish the United States Marshal Service (USMS) to reattempt service, at which time the Court would direct the Clerk's Office to reissue the summons and complaint.  <u>Plaintiff is **HEREBY WARNED** that failure to so in a timely fashion will result in a recommendation that these two defendants be dismissed for want of service pursuant to Fed. R. Civ. P. 4(m).</u>  Further, Plaintiff's motion for additional time to answer or respond (ECF No. 155) is **DENIED**, and Plaintiff's notice to the Clerk of the Court (ECF No. 152) is **STRICKEN FROM THE RECORD**.   Additionally, the Court should **GRANT** Defendant Richard Baisch's amended motion to dismiss and/or for summary judgment (ECF No. 83) and **DENY** Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 82).  Finally, for the reasons stated above, Plaintiff's motions for records kept by the clerk (ECF No. 110), for misjoinder and nonjoinder of parties (ECF No. 112), and for permissive joinder (ECF No. 114) are **DENIED AS MOOT**.

## IV.   PROCEDURE ON OBJECTIONS

### A.   Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B.      Orders on Various Motions**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides

a period of fourteen (14) days after being served with a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. §

636(b)(1).

**IT IS SO ORDERED.**

Dated: December 30, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

24