UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,                                Case No. 19-10584

      Plaintiff,                                Stephanie Dawkins Davis

v.                                                         United States District Judge

HANNA SAAD, et al.,

      Defendants.

_____/


**OPINION AND ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 165]
GRANTING DEFENDANT BAISCH'S AMENDED
MOTION TO DISMISS AND/OR FOR SUMMARY
JUDGMENT [ECF NO. 83] AND DENYING PLAINTIFF'S
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION [ECF NO. 82], AND
<u>STRIKING PLAINITFF'S OBJECTION TO RESPONSE [ECF NO. 173]</u>**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Jamel Robinson filed this *pro se* civil rights complaint pursuant to

42 U.S.C. §1983.  After initial screening of Robinson's lawsuit and subsequent

motion practice, the only claims remaining in this action are Robinson's racial

discrimination claims against Defendant Rambus, and involuntary medical

treatment claims against Defendants Baisch, Lawrence, and Jennifer LNU.  (*See*

ECF Nos. 13, 158, 163).  This court referred all pretrial matters to Magistrate

Judge Patti.  (ECF No. 36).

1

On April 17, 2020, Robinson filed a motion for default judgment as to Defendants Baisch, Lawrence, and Jennifer LNU.  (ECF No. 59).  The motion argues that default has been entered against these defendants for failure to answer/defend, and requests the court enter a default judgment in his favor.  (*Id.* at PageID.729).  Baisch opposed this motion on July 6, 2020.  (ECF No. 92).  On June 17, 2020, Robinson filed a motion for a second summons and order, stating that "[t]he defendants are invading [evading] service."  (ECF No. 91, PageID.1365).

On April 23, 2020, but not docketed until July 1, 2020, Robinson filed a motion for a temporary restraining order and preliminary injunction.  (ECF No. 82).  Robinson's motion requests this court to issue an order requiring Defendants Rambus, Baisch, and former defendants Saad, Wilanowski, Fry, Closser, Hutchinson, Bennett, and Rosen to show cause why a preliminary injunction should not issue pursuant to Fed. R. Civ. P. 65.  (ECF No. 82, PageID.979).[1]  The motion also requests that this court issue a restraining order against Defendants Rambus and Baisch, and former defendants Saad, Wilanowski, Fry, Closser, Rosen, Bennett, Hutchinson, and Lawrence that prevents them from performing

---

[1] Robinson filed his motion for a temporary restraining order and preliminary injunction before this court terminated former defendants Saad, Wilanowski, Fry, Closser, Hutchinson, Bennett, and Rosen.  Therefore, the order/R&R and this order will not discuss the former defendants.

any medical examinations on him.  (*Id.* at PageID.980–81).  Defendants filed

oppositions to this motion on July 9 and 10, 2020.  (ECF Nos. 99, 100).

On July 2, 2020, Defendant Baisch filed a motion to dismiss and/or for

summary judgment.  (ECF No. 83).  The motion argues several grounds for relief,

including alleging that: 1) Robinson failed to properly serve him with the summons

and complaint; 2) Robinson failed to allege physical injury in the complaint as

required by the Prison Litigation Reform Act ("PLRA"); and 3) Robinson failed to

exhaust administrative remedies pursuant to the PLRA.  *Id.*

On July 7, 2020 Robinson also filed motions for records kept by the clerk,

(ECF No. 110), for misjoinder and nonjoinder of parties (ECF No. 112), and for

permissive joinder (ECF No. 114).  Robinson argues in these motions that the court

should find Defendant Baisch in default.  (*See id.*)  Baisch filed responses in

opposition to these motions on August 4, 2020.  (ECF Nos. 121, 120, 118).

Finally, on October 12, 2020, Robinson filed a motion for additional time to

answer or respond.  (ECF No. 155).

On December 30, 2020, Magistrate Judge Patti issued an order and a report

and recommendation ("R&R") recommending that this court grant Baisch's

amended motion to dismiss and/or for summary judgment for failure to exhaust

administrative remedies, (ECF No. 83), and recommending that this court deny

Robinson's motion for a temporary restraining order and preliminary injunction,

(ECF No. 82).  (ECF No. 165, PageID.2142).  The order denied Robinson's motion

for default judgment, (ECF No. 59), because the clerk of court declined to issue

entries of default against Defendants Baisch, Lawrence, and Jennifer LNU and

concluded that Robinson had not yet served Defendants Lawrence and Jennifer

LNU.  (*Id.* at PageID.2155–56).  The order also ruled on Plaintiff's July 7, 2020

motions for records kept by the clerk, (ECF No. 110), for misjoinder and

nonjoinder of parties (ECF No. 112), and for permissive joinder (ECF No. 114),

denying the motions as moot given the denial of Robinson's motion for default

judgment.  (*Id.* at PageID.2159–60).  Additionally, the order conditionally granted

Robinson's motion for second summons (ECF No. 91), requiring Robinson to

provide current, accurate addresses for Lawrence and Jennifer LNU by January 29,

2021.  (*Id.* at PageID.2156).  Lastly, the order ruled on Plaintiff's October 12, 2020

motion for additional time to answer or respond (ECF No. 155), denying the

motion as incomprehensible for failing to state which motions or orders that

Robinson wanted additional time to respond to.  (*Id.* at PageID.2160).  The

order/R&R informed the parties that they could object to the R&R pursuant to Fed.

R. 72(b)(2) and local rule 72.1(d), and object to the order pursuant to Fed. R. Civ.

P. 72(a), within fourteen days after being served with the order/R&R.  (ECF No.

165, PageID.2163–64).

4

Robinson filed an objection to the order/R&R on January 19, 2021, which the court docketed on February 2, 2021. (ECF No. 168). The objection contests the R&R's recommendation to grant Baisch's motion to dismiss/summary judgment, and it contests the order denying default judgment against Defendants. *Id.* Defendant Baisch filed a response to Robinson's objection on February 3, 2021, stating that Robinson's objection was untimely and asserting that any entry of default against him would be improper, and contending that any relief Robinson requested in his motion for misjoinder and nonjoinder (ECF No. 112) is moot. (ECF No. 169, PageID.2186–87). On February 13, 2021, docketed on February 23, 2021, Robinson filed an objection to Baisch's response, asserting that his objection was timely filed. (ECF No. 173). Baisch filed a request to strike Robinson's objection to his response for being untimely, as Robinson failed to file it within seven days of Baisch's response. (ECF No. 175, PageID.2213). For the reasons discussed below, the court **OVERRULES** Robinson's objections [ECF No. 168], and **ACCEPTS AND ADOPTS** Magistrate Judge Patti's December 30, 2020 Report and Recommendation [ECF No. 165] **GRANTING** Defendant Baisch's amended motion to dismiss and/or for summary judgment [ECF No. 83] and **DENYING** Robinson's Motion for a temporary restraining order and preliminary injunction [ECF No. 82]. Lastly, the court **STRIKES** Robinson's objection to response [ECF No. 173].

5

## II.   LEGAL STANDARD

### A. REPORTS AND RECOMMENDATIONS

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F. 3d at 346.  And, when objections are "merely perfunctory responses

6

. . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

**B.** Orders

District courts considering objections to a magistrate judge's order on a non-dispositive matter must set aside any part of the order that is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  This court must "review findings of fact for clear error and . . . review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).  "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting United *States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order is contrary to the law when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (quoting *United States v. Winsper*, No. 3:08-cv-631-h, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013).

## III.   ANALYSIS

### A. Timeliness of Objection

As an initial matter, Baisch contends that Robinson did not timely file his initial objection, (ECF No. 168), and therefore the court cannot consider the objection. (ECF No. 169, PageID.2186).  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), a party has 14 days to file an objection after being served with a report and recommendation.  Fed. R. Civ. P. 6(d) extends the objection period for documents served via regular mail from 14 days to 17 days.  In this case, Magistrate Judge Patti filed the R&R on December 30, 2020.  (ECF No. 165) and the docket reflects a text-only certificate of service by the court on January 4, 2021.  Thus, Robinson had up to 17 days after that, i.e. until January 21, 2021, to file objections.  Robinson asserts that he received the R&R on January 9, 2021 in the mail.   (ECF No. 168, PageID.2179).  He filed his objection on January 19, 2021, though the court did not enter the objection onto the docket until February 2, 2021.   (ECF No. 168). Therefore, Robinson's objection was timely.   Moreover, even if Robinson's objection was not filed in a timely manner, this court has already concluded in a previous order that it will consider objections not filed within the 14 or 17-day period required under the statute and rules in light of the delays with the United States Postal Service and filings docketed by this court brought on by the COVID-19 pandemic. (ECF No. 158, PageID.2098).

## B. Robinson's Initial Objection (ECF No. 168)

Next, the court will consider Robinson's initial objection, (ECF No. 168). This objection relates to Baisch's motion to dismiss and/or for summary judgment. The R&R recommends that this court grant the motion for failure to exhaust administrative remedies. (ECF No. 165, PageID.2156–59). Robinson's objection contends that Defendants Baisch, Lawrence, and Jennifer LNU have ignored Robinson's complaint from the start of this litigation. (ECF No. 168, PageID.2181). It further accuses Defendant Baisch of failing to adhere to Fed. R. Civ. P. 12(a) and 12(b) because Baisch failed to serve his motion to dismiss in a timely manner and accuses all Defendants of failing to set out affirmative defenses in an answer. (*Id.*). It contends that Baisch's motion to dismiss and/or for summary judgment was not properly filed because it does not include affidavits. (*Id.* at PageID.2182). Lastly, Robinson states that the Sixth Circuit does not require exhaustion of administrative remedies in all circumstances, citing *Hubbard v. Thakur*, 344 F. Supp. 2d 549, 558–59 (E.D. Mich. 2004).

Robinson's statements that Defendants have ignored his complaint misstate the facts of this case. Robinson has not yet served Defendants Lawrence and Jennifer LNU with the summons and complaint. (ECF No. 165, PageID.2155–56). This is consistent with Robinson's motion for second summons, requesting that the U.S. Marshal Service reissue the summons and complaint to Lawrence and Jennifer LNU.

9

(*See* ECF No. 91).  Defendant Baisch contends that Robinson improperly served him with the summons and complaint, (*Id.* at PageID.2145), and this court allowed Baisch leave to file his amended motion to dismiss and/or for summary judgment. (ECF No. 81, PageID.971–72).  Baisch's filing of his amended motion to dismiss and/or for summary judgment was therefore not untimely.  Further, Robinson incorrectly asserts that a motion to dismiss and/or for summary judgment must include affidavits and that Defendants are required to assert affirmative defenses in an answer.  A court may consider affidavits in support of a motion for summary judgment, but affidavits are not required.  Fed. R. Civ. P. 56(c)(1)(A).  Further, in lieu of an answer, Baisch filed an amended motion to dismiss and/or for summary judgment that included his affirmative defenses, pursuant to the court's June 26, 2020 order (ECF No. 81, PageID.971–72).

Robinson also contends that exhaustion is not required in all cases under the PLRA.  He cites *Hubbard v. Thakur* for this proposition.  344 F. Supp. 2d 549, 558–59 (E.D. Mich. 2004).  However, *Hubbard* is not applicable to Robinson's argument that he does not have to exhaust his administrative remedies for his claim against Baisch.  *Hubbard* addressed the issue of how a court should handle a case "where a prisoner has exhausted administrative remedies [as] to some but not all of the claims against some but not all of the defendants," concluding that the court should not dismiss the entire action where only some of the claims were unexhausted against

some of the defendants. *Id.* at PageID.554, 558–59.  Shortly after *Hubbard*, the Supreme Court reached a similar conclusion in *Jones v. Block*, 549 U.S. 199, 223–24 (2007).[2]  The Court held that where a complaint contains some, but not all, claims that are exhausted against some, but not all, defendants, a court should simply dismiss the unexhausted claims and proceed with the exhausted ones. *See id.* at 224.  Therefore, contrary to Robinson's assertion, the courts have still concluded that a prisoner must exhaust his claims pursuant to the PLRA, but exhaustion can occur on a "claim-by-claim" basis.  This court has followed the *Jones v. Block* holding by not dismissing Robinson's entire action for failure to exhaust administrative remedies against some defendants for some of his claims.  (*See* ECF No. 158, 163, 165).

Second, Robinson's objection contests Magistrate Judge Patti's order denying default judgment against Defendants.  (ECF No. 168, PageID.2180).  The objection states that Baisch's counsel filed unnecessary motions instead of allowing a default hearing against Baisch to proceed, and objects to the "joinder" of Baisch in this litigation.  (ECF No. 168, PageID.2183).  However, as the order explained, the clerk of court in this matter declined to issue entries of default against any of the defendants because they were not required to answer/respond to Robinson's

---

[2] The Sixth Circuit declined to follow *Hubbard* in *Jones Bey v. Johnson*, concluding that total exhaustion was required as to all claims and defendants in order for a complaint to survive.  407 F.3d 801, 806 (6th Cir. 2005).  However, the Supreme Court overruled *Jones Bey* in *Jones v. Block*, ruling that total exhaustion was not required and courts should consider exhaustion with a "claim-by-claim approach."

complaint pursuant to 42 U.S.C. §1997e(g) ("[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail . . . ."). (ECF No. 165, PageID.2155); (*see also* ECF Nos. 61, 62). Further, Robinson has not yet served Defendants Lawrence and Jennifer LNU, and Defendant Baisch argues that Robinson served him improperly. (*Id.* at PageID.2145). An entry of default is required before Robinson can obtain a default judgment, which Robinson has not obtained for Defendants Baisch, Lawrence, and Jennifer LNU. Fed. R. Civ. P. 55(a). Robinson thus misstates the facts of this case surrounding his motion for default judgment. The order denying Robinson's motion for default judgment is not clearly erroneous or contrary to law.

For these reasons and the reasons stated in this section, the court **OVERRULES** Robinson's objection to the December 30, 2020 order/R&R.

### C. Robinson's Objection to Baisch's Response

Lastly, the court will address Robinson's objection to Baisch's response, (ECF No. 173). After Magistrate Judge Patti issued the order and R&R, (ECF No. 165), Robinson filed a timely objection on January 19, 2021. (ECF No. 168). Defendant Baisch filed a response to the order/R&R on February 3, 2021. (ECF No. 169). Robinson then filed an objection to Baisch's response on February 13, 2021. (ECF No. 173). Baisch requests this court to strike Robinson's objection to his response.

12

(ECF No. 175). Fed. R. Civ. P. 72(b)(2) states that a party may object to an R&R within 14 days after being served, and a party may respond to the other party's objections after being served. Here, Magistrate Judge Patti issued the R&R, and Robinson properly filed an objection; thereafter, Baisch properly filed a response. However, the Rules do not allow for further objections to the response. For this reason, the court **STRIKES** Robinson's objection to response (ECF No. 173) from the docket.

## IV.   CONCLUSION

Upon review of the parties' briefing and the Magistrate Judge's Order and Report and Recommendation, the court concludes that the Magistrate Judge reached the correct conclusion in the R&R and did not clearly err in the order portion of the filing. Accordingly, Robinson's objections [ECF No. 168] are **OVERRULED**. The Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Patti's December 30, 2020 Report and Recommendation [ECF No. 165] **GRANTING** Defendant Baisch's amended motion to dismiss and/or for summary judgment [ECF No. 83] and **DENYING** Robinson's Motion for a temporary restraining order and preliminary injunction [ECF No. 82]. Lastly, the court **STRIKES** Robinson's objection to response [ECF No. 173]. Defendant Baisch is terminated as a party to this action.

13

SO ORDERED.


Dated:        March 24, 2021

s/Stephanie Dawkins Davis
HON. STEPHANIE DAWKINS DAVIS
United States District Court Judge
