UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEL LEON ROBINSON,

        Plaintiff,

v.

HANNA SAAD, *et al.*,

        Defendants.
_____/

Case No. 2:19-cv-10584
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS JILL LAWRENCE AND JENNIFER ZAHA (ECF No. 206)

**I.  RECOMMENDATION**: The Court should **GRANT** the motion for summary judgment filed by Defendants Jill Lawrence and Jennifer Zaha (ECF No. 206), and with no remaining Defendants or claims, dismiss the case.

**II.  REPORT**

    **A.  Background**

        **1.  Factual and Procedural Background**

Plaintiff Jamel Leon Robinson, proceeding without the assistance of counsel, filed this action on February 26, 2019 (ECF No. 1), along with an application to proceed *in forma pauperis* (ECF No. 2). At the time, he was incarcerated at Saginaw Correctional Facility (SRF) (ECF No. 1, PageID.2), but he has since been released on parole, *see* www.michigan.gov/corrections/, "Offender Search."

Upon initial screening, the Court dismissed all but two claims and eleven Defendants. The remaining claims were: (1) Plaintiff's claim of involuntary medical treatment between June 17 and 25, 2016, against Defendants Hanna Saad, Aleksandra Wilanowski, Laura Fry, Derek Rosen, Jill Lawrence, Mary Closser, Richard Baisch, Michael Bennett, Jennifer Zaha, and Craig Hutchinson; and (2) Plaintiff's racial discrimination claim against Defendant Shelley Rambus. (ECF No. 13, PageID.107-108.) The racial discrimination claim against Defendant Rambus has since been dismissed (ECF Nos. 203 & 204), and the Court has adopted my recommendations to dismiss the involuntary medical treatment claims against all the above Defendants except Defendants Lawrence and Zaha, who were served later in this action (ECF Nos. 81, 106, 165, & 178).

Judge Cox has referred the case to me for all pretrial matters. (ECF No. 202.)

2.  **Instant Motion**

On November 21, 2022, Defendants Jill Lawrence and Jennifer Zaha filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, asserting entitlement to summary judgment because Plaintiff failed to properly exhaust administrative remedies for the remaining involuntary medical treatment claim against them. (ECF No. 206.) In so doing, they reference the certified Step III Grievance Report attached to a prior motion for summary judgment on the same basis filed by

Defendants Rosen, Bennett, and Rambus (ECF No. 206, PageID.2386 (citing ECF No. 41-3)), and argue, as the rest of the Defendants against whom Plaintiff claimed involuntary medical treatment did, that Plaintiff filed no grievances in 2016, let alone a grievance for involuntary medical treatment naming either Defendant Lawrence or Zaha (ECF No. 206, PageID.2394-2395).

**B.      Standard**

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf*. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

3

specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must . . . do more than simply show that there is some metaphysical doubt as to the material facts[.] . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema,*

4

*N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus., & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### C. Discussion

#### 1. The motion for summary judgment is unopposed

Defendants Lawrence and Zaha filed their motion for summary judgment on November 21, 2022. (ECF No. 206.) "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. Local Rule 7.1(c)(1). A response to a dispositive motion must be filed within 21 days after service of the motion. E.D. Mich. LR 7.1(e)(2)(A). Therefore, Plaintiff's response would ordinarily have been due on or about December 11, 2022. Fed. R. Civ. P. 6(a) and (d).

5

On November 21, 2022, I entered an order requiring Plaintiff to file a response on or before December 22, 2022.  (ECF No. 207.)  The Court's order regarding the briefing schedule was not returned as undeliverable, so it is presumed that Plaintiff received it.  To date, no response has been filed.

Nonetheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  "The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Id*.

### 2. The Court should grant Defendants' motion (ECF No. 206) on the basis of exhaustion

For the same reasons discussed at great length in my June 26, 2020 report and recommendation to dismiss the involuntary medical treatment claim against Defendants Saad, Wilanowski, Fry, Closser, Hutchinson, Rosen and Bennett (*see* ECF No. 81, PageID.962-972), the Court should grant the motion for summary judgment filed by Defendants Lawrence and Zaha, and terminate them from the action.  Even viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could conclude that Plaintiff exhausted his involuntary medical treatment claims against them.

Defendants Lawrence and Zaha met their initial burden of proving no genuine issue of material fact with regard to exhaustion by referencing the Step III

6

Grievance Report attached to a previous motion, which reveals no grievances complaining of the involuntary administration of medication by these Defendants, let alone any grievances at all from 2016 (ECF No. 41-3). And Plaintiff has not responded or produced any evidence to the contrary. *See Wrench LLC*, 256 F.3d at 453 ("Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'") (citation omitted).

Moreover, the only grievance directly related to medical care that is included in the Grievance Report is RGC-18-04-0750-28e, originally labeled RGC-18-040-0750-12E1 (ECF No. 41-3, PageID.404-414), and no reasonable factfinder could conclude that this grievance serves to exhaust Plaintiff's remaining involuntary medical treatment claim against Defendants Lawrence and Zaha. The grievance lists incident dates of April 11 and 12, 2018, nearly two years after the allegations related to this remaining claim, contains no specific names, involves a complaint of inconsistent mental illness diagnoses, and was rejected at Step III as untimely. (*Id.*)

Accordingly, for all of the same reasons discussed in my June 26, 2020 report and recommendation (ECF No. 81, PageID.962-972), the Court should grant summary judgment on Plaintiff's remaining involuntary medical treatment claim against Defendants Lawrence and Zaha.

### D.     Conclusion

The Court should **GRANT** the motion for summary judgment filed by Defendants Lawrence and Zaha (ECF No. 206), and with no remaining Defendants or claims, dismiss the case.

### III.     PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 10, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE